IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAIJON MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-1926 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AMAZON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons that follow, this case will be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) due to lack of subject matter jurisdiction.

On December 10, 2020, Daijon McCall ("Plaintiff") filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1), along with a Complaint (Doc. 1-1). Plaintiff's Motion was granted on December 15, and his Complaint was filed as ordered on December 21 (Doc. 8). Since December 10, Plaintiff has filed numerous documents with the Court, including multiple amendments to the Complaint, causing confusion on the docket—the Court will review as operative the most-recently filed Amended Complaint (Docs. 7 and 9) (together, herein after "Amended Complaint"), along with his original Complaint (Doc. 8).[1]

After granting the right to proceed *in forma pauperis*, a court must review a plaintiff's allegations and dismiss his or her lawsuit if: (a) the allegation of poverty is untrue; (b) the action

---

[1] Doc. 9 was filed on December 16, 2020, and appears to be a complaint using the standard pro se civil complaint form for this District, with a handwritten annotation across the top stating "Amended." Doc. 7 was filed on December 18, 2020, and is a single-page filing of page 4 of the standard pro se civil complaint form, with a handwritten annotation across the top stating "Amended 2:20-cv-1926." Only the section under "IV. Relief" is filled out. The Court will construe these two documents together as the operative complaint in this case.

is frivolous; (c) the complaint fails to state a claim; or (d) the action seeks money damages from an immune defendant.  28 U.S.C. § 1915(e)(2); Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints.").  Under Section 1915, the standard for dismissal for failure to state a claim is the same as the standard applied for motions to dismiss under Fed. R. Civ. P. 12(b)(6), and accordingly, the Court accepts all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and determines whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  Muchler v. Greenwald, 624 F. App'x 794, 797 (3d Cir. 2015) (internal citations omitted).  In performing this review, the court construes a *pro se* plaintiff's complaint liberally in favor of him or her.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

       The Court also owes a duty to raise, *sua sponte*, matters regarding the existence of subject matter jurisdiction.  Huber v. Taylor, 532 F.3d 237, 249 (3d Cir. 2008).  In this case, Plaintiff's *pro se* complaint alleges federal question jurisdiction, citing "negligence."  See Amended Complaint (Doc. 9) at 3.  Plaintiff claims that "[Defendant's] negligence caused myself to crash a machine and injure myself."  Amended Complaint (Doc. 7) at 1.  Plaintiff offers some additional detail in his original Complaint, stating, "Amazon Staff Training Team did not do their job and properly train me.  So it caused me to injure myself on heavy machinery driving equipment.  Staff also did not follow correct proceedings following my injury and job."  Doc. 8 at 4.  In short, Plaintiff describes an injury that occurred at his place of work.

       There is no apparent basis for exercising federal question jurisdiction based on the facts alleged.  Plaintiff's claims are rooted in the allegation that he was injured at work.  Such claims are, with narrow exceptions, barred by Pennsylvania workers' compensation law.  See 77 Pa. Stat. Ann. § 481; see also Yazujian v. Merrell & Garaguso, Inc., 2012 WL 2849246, at *2 (E.D. Pa.

July 10, 2012) (internal citations omitted) ("Pennsylvania's Workers' Compensation Act ("WCA") provides an employee's exclusive remedy against his employer for injuries sustained while acting within the course of his employment."). The same deficiency would be true if Plaintiff were to have alleged diversity jurisdiction, though he does not do so here. The undersigned cannot imagine how Plaintiff could allege additional facts arising out of the described workplace injury that would bring his claims within the jurisdiction of the Court. As the allegations in Plaintiff's Complaint and Amended Complaint do not confer jurisdiction on this Court and further amendment would be futile, the Court will dismiss this action pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, as the Court lacks subject matter jurisdiction. See Muchler v. Greenwald, 624 F. App'x 794, 799 (3d Cir. 2015) (explaining that "futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted, and that the district court should apply the same standard as applied under Rule 12(b)(6) for determining futility).

This action is **DISMISSED WITH PREJUDICE**, and the case will be marked closed.

IT IS SO ORDERED.

December 21, 2020                                s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via First-Class U.S. Mail):

Daijon McCall
10 E. North Avenue
Pittsburgh, PA 15212-4721